| |
|---|
| **Tahari v Narkis** |
| 2025 NY Slip Op 30135(U) |
| January 14, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 650671/2021 |
| Judge: Andrew Borrok |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

------------------------------------------------------------------------------------X

ELIE TAHARI, ELIE TAHARI LTD,

| | |
|---|---|
| **INDEX NO.** | 650671/2021 |
| **MOTION DATE** | 12/05/2024, 12/13/2024 |
| **MOTION SEQ. NO.** | 009 010 |

Plaintiff,

- v -

SHLOMO NARKIS, HAIM NARKIS, RUTH PELEG

Defendant.

**DECISION + ORDER ON MOTION**

------------------------------------------------------------------------------------X

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 009) 212, 213, 214, 215, 224

were read on this motion to/for                            STAY                            .

The following e-filed documents, listed by NYSCEF document number (Motion 010) 216, 217, 218, 219, 220, 221, 222, 223, 226

were read on this motion to/for              SUBPOENA DUCES TECUM              .

Upon the foregoing documents and for the reasons set forth below, Shlomo Narkis's motion

(Mtn. Seq. No. 009) for a stay is DENIED.

Elie Tahari's motion (Mtn. Seq. No. 010) to compel non-party witness Ofer Resles to comply

with the Subpoena Duces Tecum (the **Subpoena**; NYSCEF Doc. No. 218), dated September 9,

2024, is GRANTED as unopposed.

Reference is made to a prior Decision and Order of this Court (the **Prior Decision**; NYSCEF

Doc. Nos. 206 and 207), dated August 27, 2024.  The Prior Decision is incorporated in its

entirety, and familiarity is presumed.

**650671/2021   TAHARI, ELIE vs. NARKIS, SHLOMO**
Motion No.  009 010

**Page 1 of 6**

[* 1]

Mr. Narkis is not entitled to a stay of the trial in this case (which has not yet been [and will not be] scheduled) prior to the adjudication of motions *in limine*, which motions are not yet fully briefed. Previously, **<u>and based solely on Mr. Resles' affidavit</u>**, the Court denied Mr. Tahari's motion seeking summary judgment. As discusseed in the Prior Decision, based solely on this affidavit (and notwithstanding Mr. Narkis' interrogatory responses and court filings in this case discussed in the Prior Decision), the Court found that Mr. Narkis had raised an issue of fact warranting denial of Mr. Tahari's motion. Given that Mr. Resles had not been previously identified by Mr. Narkis as discussed in the Prior Decision, the Court permitted Mr. Tahari to conduct appropriate fulsome discovery but indicated depending on what discovery showed, Mr. Tahari might be entitled to renew his motion seeking summary judgment.

On the record before the Court, Mr. Resles has not complied with the subpoena. He testified at his deposition (as discussed below) that he did not even read it, that he conducted no searches and that he only produced two documents that Stephen Wagner and David Feurstein asked him to adduce to demonstrate that he was in New York at the time of the alleged meeting. As such, Mr. Resles must produce all documents requested by the subpoena together with a privilege log as to any withheld documents (such that if appropriate Mr. Tahari can challenge the assertion of privilege) and his deposition must be retaken. Separately and based on what Mr. Tahari says amounts to gamesmanship, Mr. Tahari has sought to preclude Mr. Resles from testifying at trial. This motion is not yet fully submitted. In any event, neither the fact that Mr. Narkis disagrees with portions of the Court's prior decision, nor Mr. Narkis' desire to appeal the Prior Decision warrant a stay from this Court. Accordingly, Mr. Narkis' motion for a stay is denied.

**650671/2021   TAHARI, ELIE vs. NARKIS, SHLOMO**
**Motion No.  009 010**

**Page 2 of 6**

2 of 6

In addition, Mr. Tahari moves to compel Mr. Resles to collect and produce all relevant documents responsive to the subpoena which he testified that he never read. The transcript of Mr. Resles' deposition taken on November 20, 2024, demonstrates that Mr. Resles (i) did not read the documents and discovery demands set forth in the subpeona, (ii) that he did not search for documents based on his review of the subpeona and (iii) that he relied solely on the advice of his lawyers (also Mr. Narkis' lawyers), in sending through two documents demonstrating that he was in New York:

Q: Have you seen this before?

A: Um, I am honestly not sure.

Q: I will scroll through it and you tell me if any of it looks familiar to you.

*A: I definitely didn't read this document.*

*Q: You have never read it?*

*A: No.*

*Q: Are you familiar with the request for documents and information that were served on you?*

*A: Um, no.*

Q: At what point did you retain Mr. Wagner and Mr. Feuerstein to represent you with respect to today's deposition?

A: When they let me know that you guys are asking for a deposition, so it was about a few months ago, give or take.

Q: Did you have conversations with them about collecting documents responsive to the subpoena?

*A: They only asked me to send something to show that I was living in New York at the time, which I sent them a couple of documents.*

Q: You only sent N's castidy order, meaning custody order, and N's birth certificate.

**650671/2021   TAHARI, ELIE vs. NARKIS, SHLOMO**
**Motion No.  009 010**

**Page 3 of 6**

3 of 6

[* 3]

A:     Yeah, I just showed she was born in New York at the time and that I went through a custody battle in New York and so I sent the decision, I wasn't trying to send more.  I asked them if it was enough, they thought it is, and that was the end of it.

Q:     So you had a conversation with the two of them that be sending some evidence that you lived in New York in the late '90's was sufficient to comply with the subpoena?

Mr. Wagner:   Objection, objection, objection.  Again, you can't testify about the conversations you had with your attorneys, so I am instructing you not to answer.

Q:     Let's look at this, Mr. Resles.  So my first request to you, all documents and communications that relate or refer to any meeting between Tahari and Narkis at which you were also present.  ***What did you do to search for documents responsive to this request?***

A:     ***I already said I did not read this document, so I didn't do anything from all the list you are showing me.  The only thing I did is they asked me to send something that shows—***

Mr. Wagner:   Objection, objection.  Stop talking about what conversations you had with me or with David on this matter.

The Witness:   Okay.

(NYSCEF Doc. No. 221 at 169:13-172:4 [emphasis added]).[1]

Additionally, the transcript reflects that Mr. Wagner appears to have inappropriately directed Mr.

Resles not to answer other questions (and not on the basis of privilege), the answers of which

may have been appropriate for impeachment purposes (even if not ultimately admissible) or

---

[1] Not every conversation with an attorney is privileged and Mr. Tahari is entitled to understand exactly what the procedure was for search and collection as to relevant documents.  The fact that Mr. Resles testified in sum and substance that he did not read the subpoena, did not do an appropriate search and was directed by counsel and relied entirely on advice of counsel for the defendants as to how to respond to the subpoena and directed by them to only produce two documents showing he is living in New York is at best troubling and raises certain ethical concerns. To the extent Mr. Resles indicates that his response was based solely on "advice from counsel" the seems to have put such advice "at issue" such that the claim of privilege over it appears inappropriate.  In any event, Mr. Resles must produce responsive documents to the subpoena as set forth in this decision and order or he shall be precluded from testifying at trial.

[* 4]

relevant to the development of Mr. Resles memory or lack thereof (particularly relevant given his testimony in this case involves a meeting he alleges he attended to some more than 20 years ago and given that he testified that he does not remember the years his children were born, and any potential bias suggested by the fact that he and Mr. Narkis apparently had a real estate deal together where when Mr. Narkis changed his mind, without penalty, Mr. Resles indicates that he just gave Mr. Narkis his money back) and other questions relevant to Mr. Resles' financial position given the development in the record at the deposition as to substantial numerous judgments entered against him and other lawsuits and stories which purport to be relevant to Mr. Resles' propensity for truthfulness. For the avoidance of doubt, it would appear that Mr. Wagner should have objected, let Mr. Resles answer the question and, if appropriate, move for protective order instead of instructing Mr. Resles not to answer those questions seeking to adduce non-privileged information. To the extent that Mr. Wagner intends to maintain objections to those questions, he will adduce a single page letter for counsel to Mr. Tahai and the Court as to the cases he is relying on for the position that at a deposition he can direct his client not to answer questions that probe those issues. In any event, Mr. Tahari's motion to compel is granted in its entirety.

Accordingly, it is hereby

ORDERED that Mr. Narkis' motion (Mtn. Seq. No. 009) for a stay is DENIED; and it is further

ORDERED that Mr. Tahari's motion (Mtn. Seq. No. 010) to compel is GRANTED in its entirety; and it is further

**650671/2021   TAHARI, ELIE vs. NARKIS, SHLOMO**
  **Motion No.  009 010**

**Page 5 of 6**

ORDERED that Mr. Resles shall collect and produce all relevant documents responsive to the

Subpoena by **January 30, 2025 at 5:00 pm** (together with any privilege log) and shall attend a

deposition no later than February 14, 2025 or he shall be precluded from testifying at trial.

20250114120910AB0RR0KA578C584FC9A1EC5B2605DFD210E4D98

| **1/14/2025** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **ANDREW BORROK, J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**650671/2021   TAHARI, ELIE vs. NARKIS, SHLOMO**
Motion No.  009 010

**Page 6 of 6**

6 of 6

[* 6]